Case 4:13-cr-00006-BMM   Document 157   Filed 02/03/25   Page 1 of 1

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: CR-13-6-GF-BMM |
| FREDDY WAYNE JIMINEZ ) | USM No: 06929-046 |
| Date of Original Judgment: 10/22/2013 ) | |
| Date of Previous Amended Judgment: ) | David F. Ness |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

The Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. (See Doc. 150.) The motion is denied.

Part A provides a two-level decrease for offenders with six or fewer criminal history points and a one-level decrease for those with seven or more criminal history points. See USSG App. C, Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). The Court may reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) only after consideration of the § 3553(a) sentencing factors. *See Dillon v. United States*, 560 U.S. 817, 826 (2010).

At sentencing, the Defendant was awarded three criminal history points and an additional two points because he was serving a criminal justice sentence when he committed his crimes for a total of five points. (PSR Add.) The defendant is eligible for a two-point reduction. (*Id.*) The § 3553(a) factors, however, do not support a sentence reduction. There is a need to protect the public from future crimes by the Defendant. The Court continues to have serious concerns about the prolonged and atrocious nature of the offense and the Defendant's history, issues while incarcerated, and likelihood to engage in criminal conduct again. The Defendant's original sentence of 210 months remains sufficient, but not greater than necessary, notwithstanding the reduction to his advisory guideline range. The Defendant's motion is therefore denied.

Except as otherwise provided, all provisions of the judgment dated 10/22/2013 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 02/03/0205

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Brian M. Morris, Chief District Judge
*Printed name and title*